# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ROBERT GARRISON (# 30645)**                                                         **PETITIONER**

**v.**                                                   **No. 3:06CV105-M-A**

**RAYMOND BYRD, ET AL.**                                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Robert Garrison for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the petition shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner was convicted in the Circuit Court of Lafayette County, Mississippi, of possession of a firearm by a felon (Count I) and knowing possession of a stolen firearm (Count II). He was sentenced as a habitual offender to serve five years in the Mississippi Department of Corrections on Count I (felon in possession of a firearm) and a consecutive term of three (3) years on Count II (knowing possession of a stolen firearm). State Court Record (S.C.R), Vol. 1, pp. 18-19.[1]

Garrison appealed his convictions and sentences to the Mississippi Supreme Court, assigning as error:

---

[1] References to the State Court Record will be denoted as S.C.R. with the appropriate volume and page numbers.

A. The trial court erred in overruling the appellant's motion to suppress evidence seized pursuant to a vehicle inventory search. The inventory search of appellant's vehicle, conducted following his stop and arrest by the deputy sheriff, was in violation of appellant's Fourth Amendment right against unreasonable searches and seizures. No standardized policies for such searches exist for Lafayette County and the search was mere pretext for looking for evidence.

On September 27, 2005, the Mississippi Court of Appeals affirmed the convictions and sentences. *Garrison v. State*, 918 So. 2d 846 (Miss. App. 2005) (Cause No. 2004-KA-00318-COA). The petitioner filed a motion for time to seek reconsideration of the court's opinion; however, that motion was dismissed as untimely filed on November 15, 2005. Rehearing was ultimately denied on January 17, 2006.

The petitioner filed a *pro se* "Application for Leave to Proceed in the Trial Court" and a "Memorandum Brief" in which he raised the following claims (as stated verbatim by the petitioner):

A. Petitioner was denied effective assistance of counsel envisioned by the Sixth Amendment to the United States Constitution, by failing to investigate, object and pursue issues on direct appeal.

B. Petitioner was denied his Sixth Amendment right to cross-examine and confront the alleged two ladies as guaranteed by the United States Constitution, and he was denied equal protection of the laws under the Fourteenth Amendment when counsel failed to interview and discover the names of the alleged two ladies and when the state failed to subpoena them as witnesses.

C. Petitioner's Fifth Amendment right against double jeopardy under the United States Constitution was violated when he was twice sentenced for possession of the same firearm and he was denied equal protection of the laws by the Fourteenth Amendment when counsel failed to object to the sentences.

D. Petitioner's Fifth and Fourteenth Amendment rights to due process and equal protection of the laws under the United States Constitution were denied when the prosecutor knowingly and intentionally failed to inform defense counsel and the trial court that the alleged two ladies made no complaint as alleged by Prestige and that Deputy Prestige committed conspiracy and fraud at the scene of the

search for the purpose of incriminating the petitioner.

E. The evidence was insufficient to prove violations of Miss. Code Ann. Section 97-37-35 and the sentence thereunder denied petitioner the equal protections of the laws under the Fourteenth Amendment to the United States Constitution.

F. Petitioner's convictions and sentences were imposed in violation of the United States Constitution, the Mississippi Constitution and state law, where perjury, fraud and conspiracy were utilized at every stage of the proceedings.

The Mississippi Supreme Court dismissed in part and denied in part Garrison's application for leave to proceed in the trial court in an Order filed June 22, 2006, finding that "Garrison's claim of ineffective assistance of counsel does not pass the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984)." (Cause No. 2006-M-00849). The court also held that the petitioner's "remaining issues were either presented on direct appeal or were capable of being raised on direct appeal, and are procedurally barred under MISS. CODE ANN. § 99-39-21(1) and (3). Notwithstanding the procedural bar, Garrison's claims are without merit." *Id*. The petitioner's motion for rehearing was denied on July 15, 2006, as not properly before the court under MISS. R. APP. P. 27(h).

Garrison filed the instant federal petition for a writ of *habeas corpus* on August 18,2 006. In it he sets forth the following grounds for relief (with the individual claims of ineffective assistance of counsel restated in subsections a through e in Ground One for the sake of brevity and clarity):

**Ground One** - Petitioner was denied effective assistance of counsel during pretrial and on direct appeal.

a. Counsel failed to interview two women who filed a report with Deputy Prestige concerning an incident in which Garrison was shooting a pistol behind their trailer the morning of his arrest.

  b. Counsel failed to interview and call the petitioner's nephew as a witness on his behalf.

  c. Counsel failed to consult Garrison about the issues raised on direct appeal.

  d. Counsel failed to challenge the sufficiency of the evidence on direct appeal.

  e. Counsel failed to object to Garrison's sentence based on double jeopardy.

**Ground Two** - Counsel failed to object on double jeopardy grounds in spite of repeated requests by Petitioner.

**Ground Three** - The evidence was insufficient to prove violations of Miss. Code Ann. Section 97-37-35 and the sentence thereunder denied petitioner the equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

### Ground Three - Insufficiency of the Evidence:  Procedurally Barred

The petitioner's claim in Ground Three that the evidence adduced against him was insufficient to sustain his conviction was raised in his application for post-conviction relief and held to be procedurally barred under MISS. CODE ANN. § 99-39-21(1) by the Mississippi Supreme Court.  Hence, this court cannot conduct *habeas corpus*.  "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

The Mississippi Supreme Court found the issue in Ground Three to be procedurally barred under Miss. Code Ann. § 99-39-21(1) because the petitioner did not raise the issue on

direct appeal.[2] Section 99-39-21(1) is an independent and adequate state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Further, petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. The petitioner has not proved that the Mississippi Supreme Court inconsistently and irregularly applies the bar. Therefore, the petitioner has defaulted his claim in Ground Three. *Id*. at 861.

This court can review the merits of the petitioner's claims in Ground Three if the petitioner can show cause for his default and actual prejudice from the court's use of the default. *Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). As the petitioner has not shown that something "*external* to [him], something that cannot fairly be attributed to him" caused his default, the court cannot reach the merits of this claim. *Coleman*, 501 U.S. at 753 (emphasis in original). Neither can the petitioner attribute cause for his default to is attorney. In addressing cause for a procedural default based upon attorney error, the United States Supreme Court held:

> [T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

---

[2] Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

The petitioner alleges ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence on direct appeal. However, as discussed below, the court finds that the petitioner's claim of ineffective assistance does not rise to the level of a constitutional violation. The petitioner thus has not shown cause for his default; as such, the court need not consider whether the petitioner would suffer prejudice from application of the default. *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Likewise, the petitioner cannot prove that application of the default would be a fundamental miscarriage of justice because he has not shown that "as a factual matter, [] he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). He has not supported a claim of actual innocence with new, reliable evidence that was not presented at trial – or that is was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). *Id*. For these reasons, Ground Three of the instant petition shall be dismissed.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One and Two on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

court proceedings *unless* the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One and Two of the petitioner's

claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

Garrison contends in Grounds One and Two of the petition that both trial and appellate counsel were ineffective. The petitioner presented these same claims to the Mississippi Supreme Court, and the court found that the claims failed to meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).

To merit federal *habeas corpus* relief on a claim of ineffective assistance of counsel, a petitioner must prove both constitutionally deficient performance by counsel – and actual prejudice as a result of the deficient performance. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish either prong of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

To prove deficient performance, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.

*Strickland*, 466 U.S. at 687. The court must give great deference to counsel's decisions and avoid the crystal clarity of hindsight in its evaluation. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Courts must evaluate the conduct of counsel considering the circumstances existing at the time in question. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). There is a strong presumption that counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995). The petitioner must affirmatively prove – not merely allege – prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. The court must determine whether, under the circumstances, there is a gap between what counsel actually did – and what a reasonable attorney would have done. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

### Allegations of Ineffective Assistance of Counsel

The following five allegations of ineffective assistance of counsel were rejected by the Mississippi Supreme Court:

**Ground One:**

(a) failure to interview two witnesses who reported that Garrison was shooting a gun behind their trailer;

(b) failure to interview Garrison's nephew;

(c) failure to consult Garrison about the issues raised on appeal;

(d) failing on direct appeal to challenge the sufficiency of the evidence.

**In Ground Two:**

(a) failure to raise double jeopardy as an objection to the sentences imposed.[3]

### Evidence Presented at Trial and at a Hearing on Motion to Suppress and Motion to Sever

A discussion of counsel's performance in this case would have little meaning without the a summary of the evidence presented in state court. The events leading up to the petitioner's arrest gave rise to compelling evidence against him at trial. The petitioner's ex-wife, Virginia Garrison, was arrested and charged with felony driving under the influence of alcohol. Police informed her that she might benefit from giving them information on drug trafficking. On June 7 or 8, 2001, she told police that she had no information about drug trafficking, but she had considerable information regarding her ex-husband's criminal activity. She gave the police the information set forth below. He had burglarized a liquor store in Holly Springs, Mississippi, and had stolen a variety of items, including a small Derringer pistol. He always carried the Derringer and safe-cracking tools either on his person in an Army jacket – or wrapped up in a toolbox in his truck. The petitioner had driven his ex-wife by Elliot Lumber Company in Oxford, Mississippi.

---

[3]This allegation of ineffective assistance of counsel was also raised in subsection "e" of Ground One; however, in the interest of brevity, the court shall discuss the issue only under Ground Two.

She asked him why he kept driving past there, and he told her that he needed to determine where the telephone lines entered the building. He said he wanted to cut the lines before he entered the building to prevent the security system from alerting the alarm company or the police when he entered the building and cracked the safe. He then asked his ex-wife to drive him there to commit the burglary, but she refused. Later, he told her that he had committed the burglary. She knew many details about the burglary, including the location of the safe and what was stolen. Finally, Virginia Garrison told investigators that the petitioner had broken into another lumber company in Lee County, Mississippi, and had returned with a huge bag of coins.

Deputy Prestige had heard of Robert Garrison and knew that he had skill in burglary and in cracking safes. Over the next several days, Prestige investigated Ms. Garrison's statements. He made calls to Marshall County and Holly Springs law enforcement officials and on June 11, 2001, confirmed that someone had burglarized a liquor store in Holly Springs and had stolen a Derringer. Sergeant Dill of the Holly Springs Police Department gave Prestige the serial number of the stolen pistol. Later, after making several calls to Lee County authorities, Prestige confirmed that someone had burglarized the vending machines at a lumber company at the place and time Ms. Garrison said the petitioner had returned with a large bag of coins.

On June 13, 2001, Prestige received a call from two women who claimed that Robert Garrison was firing a pistol out behind some trailers on Campground Road in Oxford, Mississippi. As Prestige was driving out there to investigate, he spotted Robert Garrison parking in his truck at a convenience store. Prestige knew from his investigation that Garrison's drivers license had been suspended. Garrison had left the convenience store by the time Prestige turned around. Deputy Prestige spotted Garrison and initiated a traffic stop a bit down the road.

Garrison at first presented a false name and a matching false Social Security number. However, the person whose name Garrison used was 100 pounds heavier and twenty years younger than Garrison. When confronted about the discrepancy, Garrison said, "You got me. I'm Robert Garrison."

Prestige arrested Garrison for driving with a suspended license. Another officer soon arrived, took custody of Garrison, and drove him back to the police station for booking. As Garrison was driven away, Prestige searched the interior of the truck and found the Derringer pistol that had been stolen from the liquor store in Marshall County. Once the vehicle was towed and impounded, Prestige performed a more thorough search to inventory the vehicle's contents and found Garrison's burglary tools wrapped in a cloth in an army jacket inside a toolbox – which was in the back of his truck.

The primary defense in this case was the alleged absence of probable cause for Deputy Prestige to have initiated the traffic stop leading to the petitioner's arrest – and absence of probable cause to search the petitioner's vehicle after the petitioner had been taken into custody and was being driven away in handcuffs. A secondary defense was to imply that the petitioner's ex-wife planted the Derringer pistol in the petitioner's truck in an effort to incriminate him and to help herself in her own criminal case.

### Ground 1(a): Failure to Interview Witnesses Who Reported Garrison Shooting a Gun

The petitioner claims that his counsel was deficient in his decision not to call the two women who reported seeing the petitioner fire the Derringer near their home. He argues that had the two women been called as witnesses, they would have testified that they never saw him firing

the Derringer behind their home. Their presumed testimony, the arguments goes, would thus remove Prestige's reason for driving out to investigate and, in turn, would deprive Prestige of probable cause to initiate the traffic stop and to search the petitioner's vehicle. This argument is without merit and must be dismissed.

First, the witnesses in question have never been identified. The petitioner has not spoken to them. As such, he has no idea what their testimony might have been. Second, even if the two women were found and testified that they did not see Garrison firing the Derringer, that testimony would not undermine the petitioner's conviction. Deputy Prestige had probable cause to detain the petitioner and search his vehicle even without the information from the two women.

The two women called the police to complain about the petitioner firing the Derringer behind their trailer. Upon hearing their complaint, Deputy Prestige drove out to investigate the disturbance. Thus, the call from the two women was merely the trigger for Prestige to travel to the scene – not the probable cause for stopping the petitioner. The information about the petitioner's criminal activity from Virginia Garrison – and Deputy Prestige's knowledge that the petitioner's drivers license was suspended – were enough to establish probable cause to detain the petitioner and search his vehicle without a warrant – even in the absence of the two women's information. A police officer may stop someone to investigate if the officer has reasonable suspicion that "criminal activity is afoot." *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). An officer may establish reasonable suspicion with a "minimal level of objective justification for [his] actions, measured in the light of the totality of the circumstances." *United States v. Rideau,* 969 F.2d 1572, 1574 (5th Cir.1992) (en banc) (*citing United States v. Sokolow,* 490 U.S. 1, 6-8, 109 S.Ct. 1581, 1584-85, 104 L.Ed.2d 1 (1989)). The officer may base

his reasonable suspicion upon information obtained from a confidential informant – if the information possesses "an indicia of reliability." *Adams v. Williams,* 407 U.S. 143, 147, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). In this case the informant was the petitioner's ex-wife. She knew him well, had discussed his crimes with him, and had told the police minute details about those crimes. Deputy Prestige's investigation corroborated the details of the informant's story. This informant had thus proven her reliability, and Prestige's reliance on the facts she provided was reasonable. As such, the stop, arrest, and search of the petitioner's vehicle were based upon probable cause.

In sum, Deputy Prestige had probable cause to stop, investigate, and arrest the petitioner – and search his truck – even without the information from the two unknown women who called to complain about the petitioner firing a Derringer behind their home. As such, counsel's decision not to call these two potential witnesses was reasonable – particularly since their identities were not known to the police. Therefore, the petitioner's claim that counsel was ineffective in failing to call the two unidentified women as witnesses must fail.

### Ground 1(b): Failure to Interview the Petitioner's Nephew

The petitioner argues that counsel was ineffective for failing to interview his nephew. According to the petitioner, his nephew would have testified that he was across the street during the search, and, that if Garrison had been allowed to call him on his cell phone, he would have taken custody of Garrison's truck. The petitioner does not argue that his nephew's testimony would have shed light on the petitioner's guilt or innocence as to the crimes charged. Instead, the petitioner complains that his nephew's testimony might have impacted the suppression hearing and the court's finding that the search was proper.

-14-

"'[C]omplaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d at 635-36 (quoting *Lockhart v. McCotter*, 782 F.2d at 1282). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d at 1043, *Cinnamon v. Scott*, 40 F.3d at 735; *Anderson v. Collins*, 18 F.3d at 1221. The claim regarding the testimony of the petitioner's unnamed nephew are conclusory and thus cannot sustain a claim of ineffective assistance of counsel.

In addition, the testimony would not have impacted the trial court's decision to deny Garrison's motion to suppress or the analysis of the issue on direct appeal. Deputy Prestige testified during the suppression hearing that he arrested Garrison at the scene for driving with a suspended license. S.C.R., Vol. 2, pp. 16-17. Prestige also testified that while he did not recall Garrison requesting to call someone to pick up his truck, Prestige could not say for certain whether Garrison had done so or not. *Id*. at p. 17. Prestige testified that regardless of whether Garrison requested to call someone, the standard procedure used by their department when the person under arrest was alone is to call a wrecker. *Id.* at pp. 17-18. Prestige also testified that he believed there was probable cause to hold Garrison's vehicle based on information received prior to Garrison's arrest. *Id*. at p. 20.

The prosecutor argued that the search of the vehicle was conducted lawfully under two exceptions to the warrant requirement – the automobile exception and the inventory exception. S.C.R., Vol. 2, pp. 31, 36. Defense counsel countered by arguing that the search was a pretext

and that the petitioner was not allowed the opportunity to call someone to pick up his vehicle. *Id*. at p. 33. Counsel made this argument based on the testimony presented by the state – without the need to call the petitioner's nephew. The trial court found that the warrantless search of the automobile was justified and denied the motion to suppress. *Id*. at p. 36.

The testimony of the petitioner's nephew would not have invalidated the search. First, the search of the glove compartment (which turned up the Derringer) was valid under the vehicle exception to the warrant requirement[4], and the later search of the rest of the vehicle (which revealed the burglary tools) was valid under the inventory exception[5]. Morever, Deputy Prestige would have been ill-advised to turn over the truck to anyone else at the time because the information he had obtained from Virginia Garrison would lead a reasonable person to believe that the truck might contain evidence of a crime. Finally, it does not appear that the petitioner made his attorney aware that his nephew was available as a witness. Hence, the petitioner can show neither deficiency nor prejudice in counsel's failure to call the petitioner's nephew as a trial witness. Therefore, the claim in Ground 1(b) must fail.

### Ground 1(c): Ineffective Assistance of Appellate Counsel

The petitioner argues that was ineffective on direct appeal. First, Garrison claims that counsel failed to consult with him concerning the issues to be raised on appeal. In addition, the petitioner argues that counsel should have challenged the sufficiency of evidence presented

---

[4]*United States v. Ross*, 456 U.S. 798, 799, 102 S.Ct. 2157, 72 L.Ed. 572 (1982) (law enforcement officers may search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime).

[5]*Colorado v. Bertine*, 479 U.S. 367, 372, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (after taking custody of a vehicle, officers may conduct a warrantless inventory search).

against him.

In reviewing the performance of appellate counsel, the two-pronged test of *Strickland* is likewise applied. *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). Appellate counsel does not have a duty to raise every "colorable" claim on appeal, suggesting that appellate counsel has broad discretion in determining which issues are more likely to be successful. *Jones v. Barnes*, 463 U.S. 745, 751-754 (1985); *Green v. Johnson,* 116 F.3d 1125, 1126 (5th Cir. 1997) (Counsel is not deficient for failing to raise every meritorious claim that may be pressed on appeal.).

The selection of issues to pursue on appeal is a decision of strategy. On appeal, counsel determined that challenging the trial court's failure to grant a continuance would be a weak argument. The petitioner simply has not shown that counsel's strategy was incorrect. The petitioner also argues that appellate counsel should have challenged the sufficiency of the evidence used to convict him. He believes that counsel should have raised the sufficiency of the evidence to support the charge of a felon in possession of a firearm – and possession of a stolen firearm. Despite the petitioner's arguments to the contrary, this claim is not supported in the record. First, the defense stipulated that Garrison was indeed a prior convicted felon – and sought and received a limiting instruction to minimize impact that such a revelation would have on the jury. S.C.R., Vol. 2, p. 93. Testimony at trial proved that police found a firearm in Garrison's truck at the time of his arrest (S.C.R., Vol. 2, pp. 99-100) – and that Garrison had previously shown his ex-wife a gun which he kept in his truck that was identical to the gun seized upon Garrison's arrest. S.C.R., Vol. 2, pp. 119, 121. The state also proved that the gun in Garrison's possession bore the serial number of a gun stolen in a liquor store robbery. *Id*. at pp. 99-100, 112-113. Virginia Garrison testified that the petitioner told her he got the gun from a

liquor store in Holly Springs. *Id*. at p. 119. At the risk of belaboring the obvious, the state had more than sufficient evidence to support both charges in the indictment.[6] No rational basis exists in law or fact upon which counsel could have challenged the sufficiency of the evidence to sustain the convictions at issue. The court cannot rule that counsel was ineffective in failing to raise meritless issues. *Mayabb v. Johnson,* 168 F. 3d at 869; *Ricalday v. Procunier,* 736 F.2d at 208; *United States v. Kilmer,* 167 F.3d at 893. Therefore, the court finds that the petitioner's appellate counsel was effective in his representation of the petitioner. As such, this claim must be dismissed with prejudice.

### Ground Two: Double Jeopardy

In Ground Two, the petitioner claims that counsel was ineffective for failing to object to his sentences based on a theory of double jeopardy. He argues that his convictions for possession of a firearm by a felon and knowing possession of a stolen firearm were based on possession of one gun – and therefore in violation of his right to protection from double jeopardy. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 , 309(1932); *United States v. Parker,* 960 F.2d 498 (5th Cir. 1992).

Charging Garrison with both counts does not constitute double jeopardy. To prove possession of a firearm by a convicted felon under MISS. CODE ANN. § 97-37-5(1) (Rev.2000),

---

[6]The petitioner also argues that the state did not prove subsection (4) of MISS. CODE ANN. § 97-37-35. That subsection, however, controls the sentence to be imposed, rather than the elements to prove guilt of possession of a stolen firearm.

the state must show: (1) that the petitioner has been convicted of a felony under the laws of the State of Mississippi, any other state, or the United States, and (2) that the petitioner possessed a firearm. *Koger v. State,* 919 So.2d 1058, 1060 (Miss. App. 2005). To prove possession of a stolen firearm, the state must show that the petitioner was knowingly in possession of a stolen firearm. MISS. CODE ANN. § 97-37-35(1). While both crimes require possession of a firearm, each charge requires proof of at least one element that the other does not. Specifically, one charge requires the firearm be possessed by a felon, and the other requires that the firearm be stolen and possessed by someone with knowledge that it was stolen. The evidence presented at trial supported both distinct charges – one for possession of a stolen firearm and one for possession of a firearm by a felon. Therefore, the petitioner was not exposed to double jeopardy, and counsel was justified in his decision not to pursue such an objection.[7] *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Accordingly, Garrison has failed to prove his claim of ineffective assistance of counsel in Ground Two, and it shall be dismissed.

In sum, all of the petitioner's claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**

---

[7]Counsel researched the option of lodging an objection but informed the court on the record that there was no violation of his client's double jeopardy rights.